FREDERICK HAITZ, Appellant, v. THE JOINT BOARDS OF SUPERVISORS OF WOODBURY AND MONONA COUNTIES, and DRAINAGE DISTRICT NO. 2 OF WOODBURY AND MONONA COUNTIES, Appellee.

**Drainage:** DAMAGES: EVIDENCE. Where none of plaintiff's land was actually appropriated for drainage purposes, and there was no competent evidence of damage, either present or prospective, his claim for damages was properly rejected.

**Same:** BENEFITS: ASSESSMENT: EVIDENCE. On appeal from an assessment of benefits for drainage purposes, land not included in the district cannot be made the basis of a comparison of benefits with land which is included; and land included in the district cannot be shown to have received no benefit, but is required to pay some part of the expense.

*Appeal from Monona District Court.*—HON. WM. HUTCHINSON, Judge.


FRIDAY, OCTOBER 23, 1914.


OUT of the establishment of what is known as drainage district No. 2, of Woodbury and Monona counties, two actions arose, which were consolidated and tried together in the district court. The first was a claim for damages filed by plaintiff with the county auditor of Monona county, in which he asked damages done his property by the establishment of the district. The board rejected plaintiff's claim, and he appealed to the district court. The other arose out of objections filed by Haitz

with the county auditor to the assessment of benefits against his land. These objections were overruled, and Haitz appealed to the district court. Upon a trial there plaintiff was defeated, and he appeals.—*Affirmed.*

*C. E. Underhill,* for appellant.

*J. W. Anderson* and *Strong & Whitney,* for appellees.

DEEMER, J.—The trial court correctly disallowed plaintiff's claim for damages, for the reason that he made no proof as to the amount or character thereof. None

**1. DRAINAGE: damages: evidence.**

of plaintiff's land was taken for the ditch, and his damages, if any, were consequential, and there was no competent testimony of any damages to plaintiff's land, either present or prospective.

As to the appeal from the assessment of benefits, there is also a failure of proof. The objections to the assessment were:

1. That his said lands will not be benefited in any manner, or receive any benefits by the making of said proposed improvement, and the said improvement or ditch will not afford any outlet for the drainage of any portion of his lands, nor bring any outlet nearer to his lands or relieve the same from overflow.

2. That none of his said lands would be benefited as compared with the benefits to other lands in said district.

3. That his said lands were included in drainage district No. 1 of Woodbury and Monona counties, Iowa, and there was assessed against the same a heavy tax for said improvement, and these commissioners acted illegally in not taking into consideration the value of such other improvement in district No. 1 in classifying and fixing the benefits against objector's lands, and did not give him any credit by reason thereof.

There is no statement in these objections as to the amount of the assessments on the different tracts of land included in

the district, and no competent proof was offered as to the amount of these assessments. A plat showing certain percentages for assessment is relied upon by appellant, but the record does not show that this was offered or introduced in evidence. Even if it were, it does not show the amount of the assessments against the several tracts. The only comparison of tracts was with a parcel of land which was not included in the drainage district at all, and manifestly this cannot be considered. The most that can be claimed is that plaintiff introduced some testimony tending to show that his land was not benefited at all; but this he cannot do on an appeal from the assessment, because his land was, for the purposes of this case, included in the district, and in consequence was bound to pay some part of the expense incident to the establishment thereof.

2. SAME: benefits: assessments: evidence.

Plaintiff's testimony might have been competent on the issue as to the establishment of the district, and the proper boundaries thereof; but it was not competent on the question of the amount of his assessment after the completion of the district. No reason appears for disturbing the orders of the trial court, and they must therefore be, and they are—
*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.